**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| ANDRES FERMIN, | : | |
| | : | Civil Action No. 12-7374(DRD) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**APPEARANCES:**

Andres Fermin
United States Penitentiary
Victorville FCC
P.O. Box 3900
Adelanto, CA  92301
     Petitioner pro se

Shirley Uchenna Emerhelu
Assistant U.S. Attorney
District of New Jersey
970 Broad Street
Newark, NJ  07102
     Counsel for Respondent


**DEBEVOISE**, District Judge

     Petitioner Andres Fermin, a prisoner currently confined at

the United States Penitentiary Victorville at Adelanto,

California, has filed this Motion [1], pursuant to 28 U.S.C.

§ 2255, challenging his conviction on drug distribution and

related charges, pursuant to which he is presently serving a sentence of life imprisonment.  See United States v. Fermin, Crim. No. 96-0114 (D.N.J.).  For the reasons stated herein, the Petition shall be dismissed without prejudice.

## I.  BACKGROUND

On March 31, 1997, following a trial by jury, this Court entered judgment against Petitioner, sentencing him to an aggregate term of life imprisonment.  See U.S. v. Fermin, Crim. NO. 96-0114 (D.N.J.) (Doc. No. 323).  On April 6, 1998, the U.S. Court of Appeals for the Third Circuit affirmed.  See U.S. v. Fermin, No. 97-5167 (3d Cir.).

On or about November 20, 2000, Petitioner filed his first motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  See Fermin v. United States, Civil No. 00-5714 (D.N.J.).  On January 31, 2002, this Court dismissed the motion as untimely.  On October 31, 2003, the Court of Appeals for the Third Circuit denied a certificate of appealability, finding that jurists of reason would not disagree with the decision to dismiss the motion as untimely.  See Fermin v. U.S., No. 02-1589 (3d Cir.).

On or about February 27, 2006, Petitioner filed his second motion pursuant to 28 U.S.C. § 2255.  See Fermin v. U.S., Civil No. 06-0878 (D.N.J.).  This Court dismissed the motion, as Petitioner had failed to obtain authorization from the Court of

Appeals to file a second or successive § 2255 motion.   On July

14, 2006, the Court of Appeals denied leave to file a second or

successive § 2255 motion.   See Fermin v. U.S., No. 06-2815 (3d

Cir.).

Petitioner filed this, his third § 2255 Motion, on or about

November 13, 2012.   Petitioner seeks to assert claims based upon

two recent Supreme Court decisions:   Lafler v. Cooper, 132 S.Ct.

1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399 (2012).   In

addition, in his most recent Brief [13] in support of his

Motion, Petitioner asserts an additional claim arising out of

the Supreme Court's recent decision in Alleyne v. United States,

133 S.Ct. 2151 (2013).   Petitioner has not obtained

authorization from the Court of Appeals for the Third Circuit to

file the current Motion.

## II.   DISCUSSION

Title 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to
> be released upon the ground that the sentence was
> imposed in violation of the Constitution or laws of
> the United States, or that the court was without
> jurisdiction to impose such sentence, or that the
> sentence was in excess of the maximum authorized by
> law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

28 U.S.C. § 2255(a).   See generally U.S. v. Thomas, 713 F.3d 165

(3d Cir. 2013) (detailing the legislative history of § 2255).

3

This Court may entertain a second or successive § 2255 motion only if a panel of the Court of Appeals for the Third Circuit has certified, as provided in 28 U.S.C. § 2244, that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  See also In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013); In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003).  This Petition was submitted without any such certification.  Accordingly, this Court lacks jurisdiction to consider it.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  See also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

This Court finds that it would not be in the interest of justice to transfer this matter to the Court of Appeals for consideration whether to authorize filing of a second or successive motion.  Petitioner does not appear to have brought himself within the statutory grounds for filing a second or successive motion.  See, e.g., U.S. v. Winkelman, Nos. 03-4500, 03-4753, 2014 WL 1228194 (3d Cir. March 26, 2014) (holding that the Alleyne decision does not provide a basis for authorization of second or successive motions to vacate).  See also U.S. v. Ennis, No. 13-50584, 2014 WL 969691 (5th Cir. March 13, 2014) (holding that Lafler and Frye do not provide a basis for authorization of second or successive motions to vacate); Pagan-San Miguel v. U.S., 736 F.3d 44 (1st Cir. 2013) (same); In re Liddell, 722 F.3d 737 (6th Cir. 2013) (collecting cases).

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues

presented are adequate to deserve encouragement to proceed

further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)

(citation omitted), cited in U.S. v. Williams, No. 13-2976, 2013

WL 4615197, *2 (3d Cir. Aug. 30, 2013).

"When the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying

constitutional claim, a COA should issue when the prisoner

shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its

procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484

(2000), cited in Kaplan v. U.S., Civil No. 13-2554, 2013 WL

3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether

this Court is correct in its procedural ruling.  No certificate

of appealability shall issue.

6

IV.   CONCLUSION

For the reasons set forth above, the Petition shall be dismissed without prejudice for lack of jurisdiction.  No certificate of appealability shall issue.  An appropriate order follows.


/s/ Dickinson R. Debevoise
Dickinson R. Debevoise
United States District Judge

Dated:  April 24, 2014